Commonwealth of Virginia

v.

Abdul Lee

December 4, 2000

Case Nos. 00-605, 00-606, 00-1071, 00-1072

BY JUDGE DEAN W. SWORD, JR.

This matter is currently before the court on the motion of the defendant to suppress his statement given to detectives of the Portsmouth Police Department which may be offered as evidence by the Commonwealth during the trial of the above captioned indictments.

Since the resolution of this motion is dependent upon the evidence taken by the court at the hearing held on October 26, 2000, we shall first outline the facts.

### Facts

The defendant apparently became a suspect in one or more of several robberies that occurred in Portsmouth during August and September of 1999. On September 22, 1999, several detectives from the Portsmouth Police Department went to the defendant's residence located at 301 Avondale Road, Portsmouth, in an attempt to interview him. Arriving around 2:15 p.m., they found the defendant there baby-sitting a small child. At the request of the defendant, the detectives agreed to meet with him later in the day when he no longer was responsible for the child and they returned to the detective bureau offices.

Around 3:20 p.m., the defendant drove himself to the detective bureau offices. When he arrived there, he met with Detectives Lodge, Turner, and Dempsey (they had previously called at his home) who advised him that they

wished to question him about his car. (The car had been purchased with cash from a local dealer and apparently had come to the attention of the police.) At this point, the defendant was advised that he was not under arrest and that he could terminate the interview and leave at any time. (During this and the subsequent interview the defendant was not subject to any type of physical restraint.)

According to the testimony of Det. Dempsey the defendant was not given "*Miranda* warnings"; however, he did not ask for counsel nor did he request to end the interview. Testimony further revealed that the parties took a break at 4:15 p.m. and at 4:53 p.m. During the hour and a half (approximately) the interview became more accusatory and focused on the defendant as a potential suspect in the several robberies. Still the defendant did not ask to terminate the interview, nor did he request to speak to a lawyer.

It is also significant to note that the defendant's mother, Eleanor Lee, testified that during the proceedings (her timing was uncertain) that she had advised her son to request a lawyer.

The interview resumed shortly after 5:00 p.m. and Det. Dempsey advised the defendant of his "*Miranda* rights" using a preprinted card routinely used by the Portsmouth Police. A photocopy of this was made and was signed, dated by the defendant and witnessed by the three detectives. A copy of this was received in evidence as Commonwealth's Exhibit 1.

Following this a taped statement was taken by the detectives. While the court did not hear or consider the statement as a part of this proceeding, Det. Dempsey testified that the defendant confirmed his waiver of his right to counsel. At the conclusion of the statement a decision was made to place the defendant under arrest at 6:40 p.m.

Finally, it should be noted that the defendant was twenty-one years of age at the time of the proceedings and under no mental disabilities.

## The Issue

The defendant argues that his statement should be suppressed on three grounds: (1) that the defendant was not properly advised of his "*Miranda* rights"; (2) that the defendant was refused access to counsel; and (3) that the defendant did not waive his "*Miranda* rights" prior to making his statement.

Prior to consideration of the "*Miranda* warning" (*Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966)) it is stipulated by defense counsel and argued by the Commonwealth that *Miranda* only applies to a custodial interrogation. See *Swisher v. Commonwealth*, 256 Va. 471, 506 S.E.2d 763 (1988), and *Oregon v. Mathiason*, 429 U.S. 492, 50 L. Ed. 2d

714, 97 S. Ct. 711 (1997). This legal premise is well established. The hard part comes in determining when a custodial investigation occurs. There are obviously certain parameters when this question is easy to answer and this court has usually adopted a simple test — is the defendant free to go and does he understand that he may leave at any time without legal restraint being placed upon him. No magic words of formal arrest are required, although the use of such words, physical restraint or the service of a warrant of arrest certainly remove any doubt. See *Harris v. Commonwealth*, 27 Va. App. 554, 500 S.E.2d 257 (1998) at pp. 564-66. Significantly, the appellate bench of this state has established an objective standard of "a reasonable person in the subjects position." *Harris*, supra at page 564.

Applying this to the facts at issue the court determines that during the initial stages of the interview of the defendant he was aware that he was at the detective bureau offices voluntarily and was free to leave, and more importantly, to terminate the interview. According to the testimony presented at hearing the defendant did not become, in the opinion of Det. Dempsey, "a little nervous" until around 5:00 p.m. At 5:05 p.m. he was given the *Miranda* warning, and while it is unclear to the court whether anything incriminating was disclosed prior to this, the court feels that at this point in the proceedings the interrogation became custodial.

Following the *Miranda* warning he then gave a statement on tape that lasted a little over an hour excluding two short breaks. He was then formally arrested by the officers at 6:40 p.m. with warrants being issued later the same evening.

The court therefore concludes that the *Miranda* warning was given at an appropriate point in time when the interview became uncomfortable to the defendant.

Nothing in this evidentiary record leads the court to the conclusion that the defendant was ever denied counsel. Defense argues that because the defendant asked Det. Dempsey "Do you think I need a lawyer?", to which the detective properly replied "that is up to you, I can't make that decision for you," counsel was denied. In support of this argument defense directs the court to *Edwards v. Arizona*, 451 U.S. 477, 68 L. Ed. 2d 378, 101 S. Ct. 1880 (1981). Edwards stands for the proposition that interviews must stop when an accused requests counsel.

The final issue is whether the defendant knowingly and intelligently waived his right to counsel. There was no evidence presented that would indicate that the defendant was less than at least average intelligence and understanding. The defendant testified briefly indicating that he was 21 at the time of the alleged offenses and that he was a graduate of I. C. Norcum High

School of this city. The observations made by the court were that he easily understood the English language and the questions proposed to him by counsel.

From Commonwealth's Exhibit 1, we know that he was given his *Miranda* warning and then he proceeded to make what apparently is a lengthy statement that incriminates him in some way. The court can only conclude that the *Miranda* rights were knowingly and intelligently waived.

For the reasons stated herein, the motion to suppress the statement is denied. This opinion shall become a part of the record in each of these cases.